CINCINNATI TRACTION CO. v. MORGAN CHARLES, ADMR.

**Pedestrian at Street Crossing Required to Look and Listen for Street Cars Approaching and Failure to Sound Gong is not Recoverable Negligence.**

A pedestrian before crossing a street on which a street railway is operated is required to look and listen for approaching cars; failure to sound its gong as a car is about to cross a street is not negligence upon which recovery of damages may be predicated, especially if the pedestrian crossing at night and looking had an unobstructed view of its approach with headlight burning, or listening would have heard the noise of its approach.

[Syllabus aproved by the court.]

ERROR to common pleas court.

*Miller Outcalt,* for plaintiff in error.

*Theodore Horstman,* for defendant in error:

Cited and commented upon by the following authorities: *Lake Shore Elec. Ry.* v. *Majewski,* 25 O. C. C. 55 (1 N. S. 305); *Toledo Elec. St. Ry.* v. *Westenhuber,* 12 Circ. Dec. 22 (22 R. 67); *Cincinnati Trac. Co.* v. *Johnson,* 30 O. C. C. 702 (10 N. S. 467); *Cincinnati, H. D. Ry.* v. *Kassen,* 49 Ohio St. 230 [31 N. E. Rep. 282; 16 L. R. A. 674].

## SMITH, P. J.

Anna Charles, the decedent, about 5 o'clock P. M., on November 23, 1909, while crossing Broadway from the west side to the east side thereof at New street in Cincinnati was struck by the right front end of the car of plaintiff in error running north on the east side of Broadway, receiving injuries from which she subsequently died.

The petition alleges several grounds of negligence as fol-

---

*Affirmed, no op., Charles v. Traction Co. 87 O. S. 000; 57 Bull. 448.

lows: that the car was running at an excessive rate of speed; the lack of proper control of the car; the failure on the part of the motorman to sound the gong, to drop the fender, and to slow up the car after he saw her; the lack of proper appliances to stop the car speedily.

The answer denies these acts of negligence and sets up that if she received the injuries complained of that caused her death, the same were due to her own negligence.

Upon the trial of the above issues a verdict and judgment were rendered in favor of the defendant in error, to reverse which this action is brought.

The evidence of the plaintiff discloses that at the time the decedent stepped from the curb to cross Broadway, the car that struck her was at Sixth and Broadway, about 200 feet distant, and that no wagons, other cars or any obstruction was in the street to prevent her from seeing the approach of the car.

One witness testifies that she saw the deceased during all the interval before and up to the time that she was struck by car, and that she did not look to the south or the north before attempting to cross. Another, who was just at her side, testified that she did look up and down Broadway and then started across.

All the witnesses agree that the headlight was burning, that the car was lighted inside, and that in running it made a noise like other cars; one witness saying that it made a great deal of noise and that the car could be plainly seen by its headlight. The evidence further discloses that she was a strong woman, never had been sick and "nothing was the matter with her." There is no evidence that her senses of sight or hearing were impaired.

It was the duty of the decedent to look for a car before crossing the street, and if she did not so look as testified to by one of her witnesses, then she was negligent.

On the other hand, if she did look as another testified, then she was again guilty of negligence, because from the evidence, her view being unobstructed, she must, and necessarily would have seen the car approaching; and if her looking had been

Traction Co. v. Charles.

effective, which it should have been, then no injury would have resulted. Besides, it was her duty to listen, and had she done so, she would have heard the noise made by the car as it approached equally as well as the witnesses who testified in her behalf, notwithstanding the fact, if true, that no gong was sounded.

As to the remaining acts of negligence complained of, they are not borne out by the evidence, the great weight thereof being against their existence.

It was erroneous for the court to charge the jury that it was the duty of plaintiff in error "to ring its gong at street crossings." All that is required is that a warning be given as a car approaches, and this duty only arises when an ordinarily prudent person would give such warning under similar circumstances.

From the pleadings and particularly the evidence, we can not see that the doctrine of last chance was involved in the case, and the charge of the court in this respect is also erroneous.

For the above reasons the judgment of the court below is reversed.

**Swing** and **Jones, JJ.,** concur.